Cite as 2023 Ark. App. 264

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-22-160

| | | |
|---|---|---|
| | | Opinion Delivered May 3, 2023 |
| MICHAEL JONES | | APPEAL FROM THE ARKANSAS |
| | APPELLANT | BOARD OF REVIEW |
| V. | | |
| | | [NO. 2021-BR-04143] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES | | |
| | APPELLEE | REVERSED AND REMANDED |

## MIKE MURPHY, Judge

This is an unbriefed unemployment-benefits case. Appellant Michael Jones appeals from the finding of the Arkansas Board of Review that he is not eligible for Pandemic Unemployment Assistance because he was not a covered individual within the meaning of section 2102(a)(3) of the CARES Act, codified at 15 U.S.C. §§ 9021 to 9034. On appeal, Jones argues that the Board's findings are not supported by substantial evidence. We reverse and remand.

On appeal, we review the findings of the Board in the light most favorable to the prevailing party, reversing only when the Board's findings are not supported by substantial evidence. *Davis v. Dir.*, 2013 Ark. App. 515, 2013. Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence on which the Board might have reached a different decision, the scope of our

judicial review is limited to a determination of whether the Board could reasonably reach its decision on the evidence before it. *Id.* Issues of credibility of the witnesses and weight to be afforded their testimony are matters for the Board to determine. *Id.*

The Board adopted the findings of fact and conclusions of law from the Arkansas Appeal Tribunal. Those findings provided that Jones is an independent contractor who repairs apartments, that he completed his last job on August 28, 2021, and that he has not worked since. It additionally provided that:

> [t]he claimant stated he was impacted by COVID-19 on November 30, 2020[,] when he contracted the COVID-19 virus. The claimant was not working when he contracted the virus. He was also impacted because he cannot find employment because people are budgeting their money. . . . The claimant is unemployed for reasons unrelated to COVID-19. Further, although the claimant testified that he contracted COVID-19, he was not employed at the time. The claimant also testified that he was unable to find employment at the time due to the COVID-19 pandemic. . . . The claimant did not become unemployed as a result of the COVID-19 public health emergency. Therefore, the claimant has not demonstrated that he qualifies as a covered individual under any of the subsections of **§** 2102(a)(3) of the CARES Act.

These findings, however, are not supported by the record before the Tribunal. Jones filed his original claim for pandemic unemployment assistance on July 14, 2020. He was informed his claim was placed on hold on July 16, 2020, because his answers indicated he might be eligible for regular unemployment. Jones was mailed an initial determination of entitlement on September 16, 2020, which found he was not eligible for pandemic unemployment assistance because he is not a covered individual within the meaning of section 2102(a)(3) of the CARES Act. An internal note in Jones's file indicates it was because "[c]laimant has failed to provide UI denial letter for over 21 days and therefore has been

denied." A hearing on the merits of the denial was not held, however, until almost a full year later, on September 2, 2021.

That hearing began with the hearing officer asking Jones when and where he last worked. Jones said he was working a contract job in August 2021, but he was not still working there because he was fired after catching COVID-19. The officer then asked when and how Jones was impacted by COVID-19. Jones discussed how his family had contracted it and that his daughter had stayed home from school. He testified, "And I lost my – I lost that job, too, due to COVID." He said in early 2020 his hours were being cut, and he applied for pandemic unemployment because he "was without a job due to the pandemic." The testimony and timesheets made part of the record reflect that he was employed when he caught COVID-19 in November but that he was out of work from February until about May or July "of this year."

Regarding his most recent termination, Jones testified that he contracted COVID-19 in August 2021 while working on a job, but instead of waiting for him to return to work, his employer fired him. The following colloquy transpired at the hearing:

CLAIMANT: I started there. It was a–it's a contract job. It was a job that was dealing with drywall and everything, and we was on the job for a month. I started last month. Was it August–August the 1st? Probably a little bit before that, and I just finished the job last week.

H. OFFICER: Do you know what day last week?

CLAIMANT: Not the exact day. I would say probably the 28th.

H. OFFICER: Okay. And you're–are you currently still working there or–

3

CLAIMANT: No, ma'am, I don't work there no more.

H. OFFICER: Why--why are you no longer working there?

CLAIMANT: Because I had caught COVID again with this company. Doing maintenance and stuff like this, we come in contact and don't even know what--the resident have COVID or not, and they just sent--sent--sent me into a--a person's apartment with COVID . . .

H. OFFICER: Did you quit or were you discharged?

CLAIMANT: It was--basically, they didn't wait--basically, they didn't wait for me to come back from having--from COVID, so I--I don't know what--that's--what that's considered, but they said they fired me, so I guess that's fired.

After review, we hold that the findings made by the Tribunal and adopted by the Board do not entirely correspond with the timeline created on this record. Jones testified that he filed for unemployment because his hours were cut due to circumstances associated with the pandemic. He further testified that since that filing date, his work history has suffered additional disruptions due to COVID-19. The Board's findings are not supported, and we reverse and remand for the Board to determine whether the circumstances of Jones's separation from work entitle him to benefits in accordance with the CARES Act.

Reversed and remanded.

ABRAMSON and GRUBER, JJ., agree.

*Michael Jones*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.